UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
JOSEPH SAIN,

                Petitioner,

          -against-                             <u>ORDER</u>

MICHAEL CAPRA,                      No. 15-CV-5315 (CS) (AEK)

                Respondent.
-----------------------------------------------------x

<u>Seibel, J.</u>

      Before the Court is Petitioner's objection, (ECF No. 53 ("Obj.")), to the Report and

Recommendation of United States Magistrate Judge Andrew E. Krause, (ECF No. 50 (the

"R&R")), recommending that this Court deny Petitioner's application for a writ of *habeas*

*corpus.*  The Court assumes the parties' familiarity with the underlying facts, the procedural

history of the case, the R&R, and the standards governing petitions pursuant to 28 U.S.C. § 2254.

      A District Court reviewing a report and recommendation "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific,

written objection' is made, as long as the factual and legal bases supporting the findings and

conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v.

N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P.

72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  "A party that objects to a report and

recommendation must point out the specific portions of the report and recommendation to which

they object."  *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352

(E.D.N.Y. 2009).   If a party fails to object to a particular portion of a report and

recommendation, further review thereof is generally precluded.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).  The court must review *de novo* any portion of the report to which a specific objection is made.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).   When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error.  *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009).  "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge."  *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Ground One – Preliminary Hearing

Petitioner claimed that he was deprived of his right to a preliminary hearing when the District Attorney indicted him before his hearing date and thus no hearing occurred.  Judge Krause found that this issue was barred from federal review because the Appellate Division relied on the adequate and independent ground of procedural default in denying relief.  (R&R at 12-14.)  He further found that the claim would fail on the merits because there is no federal right to a preliminary hearing, and even under state law, the prosecution may lawfully bypass the preliminary hearing by securing an indictment from a grand jury.  (*Id.* at 14-16.)  Petitioner argues, without citing authority, that the right to a preliminary hearing cannot be waived.  He is incorrect – the right to a preliminary hearing can be waived, *see* N.Y. C.P.L. § 180.80(1) – but the argument is beside the point.  Nobody is claiming that Petitioner waived his right to a preliminary hearing.  Rather, Respondent claims correctly that Petitioner failed to preserve for appellate review any claim relating to the preliminary hearing, and that that procedural default is

an adequate and independent state ground for denying relief in this court.  (*See* R&R at 12-14.)

Petitioner's argument that there is cause for and prejudice from this procedural default is wholly

conclusory and therefore rejected.  Petitioner further objects that a preliminary hearing is a

fundamental right, which it is not.  *See Blume v. Martuscello*, No. 13-CV-4310, 2016 WL

1070847, at *8 n.8 (S.D.N.Y. Mar. 15, 2016).[1]  He does not address Judge Krause's conclusion

that the state may lawfully moot the preliminary hearing by obtaining an indictment.  *See* Obj. at

8-9.  The Court therefore adopts Judge Krause's conclusions as to Ground One.

Ground Two – Prosecutorial Misconduct

      Petitioner contended that the Assistant District Attorney ("ADA") committed

prosecutorial misconduct when a police officer testified before the grand jury that he had learned

that stolen items were found "right next" to Petitioner, when in fact they were found in a storm

drain by which he had passed the day before.  Judge Krause found that this claim was precluded

because it had been procedurally defaulted in the state court, (R&R at 16-17), and was in any

event meritless because:  1) there is no federal right to indictment by a grand jury in state

criminal prosecutions, and thus deficiencies in such proceedings – including claims that a

prosecutor knowingly presented false testimony – are not cognizable in federal *habeas*

proceedings, (*id.* at 17-18); and 2) any error before the grand jury is rendered harmless by

conviction at trial, (*id.* at 17-18).  Petitioner does not address any of these rulings, instead just

---

[1]The Court will send Petitioner copies of any unreported decisions cited in this Order.

emphasizing that the testimony was incorrect.[2]  I therefore review this ruling of the Magistrate

Judge for clear error.  Finding no error, clear or otherwise, *see May v. Warden*, No. 07-CV-2176,

2010 WL 1904327, at *3 (S.D.N.Y. May 10, 2010) (claim of perjury before state grand jury not

cognizable in federal *habeas* proceeding, and conviction cures any defect in grand jury

proceedings in any event), I adopt Judge Krause's conclusion as to Ground Two.

Grounds Three and Four – Denial of Right to Appear in Grand Jury and Ineffective Assistance

      Petitioner argues that his due process rights were violated, and his lawyer provided

ineffective assistance of counsel, when his lawyer told the ADA that Petitioner did not want to

testify before the grand jury.  Judge Krause found that, to the extent Petitioner was raising a

violation of his right to appear before the grand jury, that claim was not cognizable on *habeas*

review because any such right was a creature of state statutory, not federal constitutional, law.

(R&R at 20.)  He also found no due process violation because state law requires a defendant who

wishes to testify to provide written notice and a waiver of immunity, and neither Petitioner nor

his counsel had provided those documents.  (*Id.* at 20-21.)  Finally, he concluded that counsel

had not provided ineffective assistance, noting the state trial court's factual finding that Petitioner

ultimately agreed with his lawyer's advice that he should not testify before the grand jury, the

risk that doing so would reveal Petitioner's prior convictions to the grand jury, and the lack of

basis to conclude that the grand jury would not have indicted had Petitioner testified.  (*Id.* at 22-

23.)  He further noted that any claim of prejudice from his non-appearance before the grand jury

---

     [2]Respondent concedes that the testimony was incorrect, but notes that the ADA made clear to the grand jury that the witness had not been involved in the recovery of the property and did not have firsthand knowledge of where the items were found, and that additional testimony regarding the recovery of the items would be presented.  (*See* ECF No. 14-13 at 77-78.)

was "neutered by the subsequent conviction."  (*Id.* at 23 (quoting *Williams v. Levally*, No. 12-CV-8164, 2017 WL 4685103, at *5 n.3 (S.D.N.Y. Oct. 17, 2017)).

Petitioner's objection is that he in fact wanted to testify.  But the state court's factual finding that he agreed with his lawyer's advice not to do so is presumed to be correct, and Petitioner has not rebutted that presumption by clear and convincing evidence, as required by 28 U.S.C. § 2254(e).  He argues that the state court's credibility determinations – finding counsel credible and Petitioner incredible – were incorrect, but the presumption of correctness afforded "the fact-findings of the trial court . . . is particularly important when reviewing the trial court's assessment of witness credibility."  *Cotto v. Herbert*, 331 F.3d 217, 233 (2d Cir. 2003).  Finally, the prejudice to which Petitioner points is "simply [that] he was denied his right to appear in front of the Grand Jury," (Obj. at 16), but he does not grapple with the facts that any such right is not a federal constitutional right, and that "any denial of the right to appear before the grand jury would have been harmless beyond a reasonable doubt after petitioner's conviction," *Cates v. Senkowski*, No. 02-CV-5957, 2003 WL 1563777, at *2 (S.D.N.Y. Mar. 17, 2003).  Accordingly, I adopt Magistrate Judge Krause's conclusions with respect to Grounds Three and Four.

Ground Five – Insufficiency of Evidence and Ineffective Assistance

Petitioner next claimed that the evidence that he was guilty of petit larceny under New York Penal Law § 155.25 was insufficient because the value of the stolen property at issue exceeded $1000, which is the threshold for a charge of grand larceny in the fourth degree under Penal Law § 155.30, and in fact was over $17,000, which exceeds the $3000 threshold for grand larceny in the third degree under Penal Law § 155.35.  In essence, he complains that he was charged with a less serious crime than that with which he could have been charged, and that his

5

lawyer was ineffective for failing to raise the issue.  Judge Krause found that evidence sufficed to show that Petitioner stole property, as required for petit larceny, (R&R at 26-27), that it was irrelevant that Petitioner could have been charged with more serious crimes, (*id.* at 27-28), and that counsel's choice not to raise the issue, and perhaps provoke more serious charges, was sound trial strategy that in any event did not prejudice Petitioner, (*id.* at 28).  Petitioner in his objections again, counterintuitively, argues that he should have been charged with a greater offense, but he presents no argument that the evidence did not suffice to prove the lesser offense.[3]  The notions that Petitioner had a constitutional right to be charged with a greater offense, or that his lawyer should have objected to the exercise of prosecutorial discretion in his client's favor, or that Petitioner suffered any prejudice from not being charged with the more serious crime, are frivolous.  The Court adopts the R&R regarding Ground Five.

Ground Six – Subject Matter Jurisdiction

Finally, Petitioner contended that the trial court lacked subject matter jurisdiction because the indictment had typewritten "/s/" signatures and thus was not signed by the foreperson of the grand jury as required by New York Criminal Procedure Law § 200.50(8).  (Obj. at 22-23.)  Judge Krause found this claim to be precluded because the Appellate Division's determination that it was procedurally defaulted was an adequate and independent state-law ground.  (R&R at 29.)  He also found that it failed on the merits, in light of Respondent's production of an ink-signed, date-stamped copy of the indictment; the fact that the Westchester County Clerk of Court

---

[3]Petit larceny is a lesser included offense of grand larceny in the third degree, *People v. Cooper*, 151 N.Y.S.3d 250, 256 (App. Div. 2021), and grand larceny in the fourth degree, *People v. Johnson*, 604 N.Y.S.2d 215, 216 (App. Div. 1993).

maintains a "conformed copy" of the Indictment in the case file and separately stores the original, signed copy; and the fact that any defect in the indictment signatures would be one of state law, not a violation of federal rights.  (*Id.* at 29-31.)

In his objection Petitioner merely reiterates that the two copies are different.  The differences are readily explained, as the R&R made clear, and in any event Judge Krause is correct that the claim was both precluded as unpreserved and a matter of state, not federal constitutional, law.  I therefore adopt the R&R as to Ground Six.

In short, Petitioner's objections, which I have reviewed *de novo*, are without merit, and I find no error, clear or otherwise, in the the portions of the R&R as to which no objection has been raised.

Accordingly, the R&R is adopted as the decision of the Court.  The Petition is denied.  As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).  The Clerk of Court is respectfully directed to send a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: January 24, 2022
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.